[Sac. No. 1103.   In Bank.—August 1, 1905.]

## THE PEOPLE, Appellant, v. G. A. WING, Respondent.

PUBLIC NUISANCE — VIOLATION OF FIRE ORDINANCE — ABATEMENT — PLEADING.—A complaint in an action by the district attorney in the name of the people to abate a public nuisance for maintaining a wooden building within the fire limits of a town, with a sheet-iron pipe, in violation of an ordinance declaring it a public nuisance, which also alleges that its maintenance is a menace to the safety of the town from fire, and has thereby endangered and now endangers the public safety in the town, and constitutes a public nuisance in fact, and that defendant threatens to continue to maintain it in the present condition,—is sufficient as against a general demurrer. [McFarland, J., Henshaw, J., and Angellotti, J., dissenting.]

ID.—JURISDICTION OF SUPERIOR COURT.—The superior court has jurisdiction of the subject-matter of such action.

APPEAL from a judgment of the Superior Court of Sierra County.   Stanley A. Smith, Judge.

The facts are stated in the opinion of the court.

Frank R. Wehe, District Attorney, and W. I. Redding, Successor, for Appellant.

John P. Irish, for Respondent.

THE COURT.—This action, like that of *People* v. *Wing* (Sac. No. 1104), *ante,* p. 379, was commenced by the district attorney of Sierra County to procure a decree abating an alleged nuisance in the town of Loyalton, and enjoining the defendant from continuing the same.   The general demurrer to the complaint on the ground of want of facts and want of jurisdiction of the subject-matter was sustained, and plaintiff declining to amend, judgment was entered for defendant. Plaintiff appeals from such judgment.

The alleged nuisance here is the maintenance of a wooden building within the fire limits of the town of Loyalton, "wherein a sheet-iron pipe passes from an iron stove situated in said building, through the ceiling of a room therein, and the roof thereof," and the conducting of business in said building, and the maintenance in said stove of a wood fire.

From the allegations of said complaint it appears that such maintenance is prohibited by an ordinance of said town, such ordinance further stating that the doing of any act prohibited by the ordinance is declared to be a public nuisance.

Waiving the question as to the effect of this declaration of the board of trustees of said town, there are other allegations of the complaint tending to show that the maintenance of said building in its present condition is an unnecessary menace to the safety of the town from fire, and that such maintenance, independent of the provisions of said ordinance, constitutes a public nuisance in fact. It is also squarely alleged that, by the maintenance thereof, said defendant "has thereby endangered and now endangers the public safety in said town." It is further alleged that defendant threatens to continue to maintain said building in its present condition.

The complaint is perhaps not so full and specific upon this point as it might be, and was evidently drawn upon the theory that it was only necessary to show a maintenance of a building in violation of the terms of the ordinance. We think, however, that it was sufficient as against a general demurrer.

The contention that the superior court of Sierra County was without jurisdiction of the subject-matter of the action has been disposed of in *People* v. *Wing* (Sac. No. 1104), *ante*, p. 379.

The judgment is reversed and the cause remanded, with directions to the superior court to overrule the demurrer to the complaint.

McFARLAND, J., dissenting.—I dissent. In my opinion, the *facts* stated in the complaint are not sufficient to warrant the equitable remedy prayed for. I think that the demurrer was properly sustained by the court below.

Henshaw, J., and Angellotti, J., concurred in the dissenting opinion.